UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JORDAN SMITH,<br>*Plaintiff*,<br><br>v.<br><br>DANIEL PAPOOSHA, *et al.*,<br>*Defendants*. | No. 3:19cv206 (MPS) |

**RULING ON MOTION FOR PRELIMINARY INJUNCTION**

The plaintiff, Jordan Smith, brings this lawsuit against numerous Connecticut Department of Correction (CTDOC) employees alleging, *inter alia*, that he was improperly designated to the Security Risk Group (SRG) based on gang affiliation.[1] Pending before the Court is the plaintiff's motion for a preliminary injunction in which he seeks as relief (1) his "immediate removal from the SRG program and transfer to general population" and (2) an order "prohibiting defendants from returning [him] to the SRG program in violation of his constitutional rights." (ECF No. 47 at 1.) For the reasons that follow, the motion is denied.[2]

I.      Facts[3]

The plaintiff was affiliated with the Bloods as a teenager. During a prior incarceration in 2006, he was designated as a Blood by the CTDOC. He completed the CTDOC's prior SRG program and in 2011 renounced his gang affiliation. He remained in general population until his

---

[1] Although Smith initially was self-represented, the Court appointed counsel in June 2019. (ECF No. 31.)

[2] A hearing is not required for a preliminary injunction "when the relevant facts either are not in dispute or have been clearly demonstrated at prior stages of the case, or when the disputed facts are amenable to complete resolution on a paper record." *Charette v. Town of Oyster Bay*, 159 F.3d 749, 755 (2d Cir. 1998) (citation omitted). Here, an evidentiary hearing is not necessary because no material facts are in dispute.

[3] The facts are taken from the complaint (ECF No. 45) that was operative when the motion was filed.

release in 2013. In 2016, the plaintiff re-entered the DOC as a pretrial detainee. On January 5, 2016, he met with defendant Papoosha, a Lieutenant at Bridgeport Correctional Center, who asked him about pictures and statements on the plaintiff's Facebook page. On January 15, 2016, the plaintiff appeared at a hearing before defendant Eberle, a Disciplinary Hearing Officer at the Bridgeport facility, regarding the plaintiff's gang affiliation. The plaintiff argued that he was not a member of the Bloods. However, he was designated as a member of the Bloods, when in fact he is not a member of the Bloods, and transferred to the SRG program. As a result, the plaintiff was designated as a "two-timer," an inmate who is re-designated as an SRG member after renouncing gang membership. Such inmates must remain discipline free for one year after completing the SRG program before they can be considered for transfer to general population.

The plaintiff's improper SRG designation started a chain of events at the various facilities in which he was housed. He was subjected to extortion and harassment by gang members, who thought he was trying to "infiltrate" the Bloods. In February 2018, he sought protective custody at Bridgeport CC. While in protective custody, he received a disciplinary ticket. He was involuntarily removed from protective custody in August 2018 and protested his removal. The plaintiff was transferred to the SRG unit at Northern Correctional Institute, where he was attacked by the Bloods during recreation time. In February 2019, the plaintiff was transferred to MacDougall-Walker. At the time this motion was filed, the plaintiff was in phase 5 of the SRG program at Corrigan-Radgowski Correctional Center. He would have been eligible for immediate transfer to general population in 2019 absent being designated a "two-timer." But because of being so designated, he is not eligible for removal from the SRG program until October 2020. He alleges that because of his SRG designation, his safety remains at risk and he continues to be subjected to extortion and harassment by SRG Blood members.

## II. Legal Standard

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). "The district court has wide discretion in determining whether to grant a preliminary injunction." *Id.* at 511.

Typically, "district courts may grant a preliminary injunction where a plaintiff demonstrates irreparable harm and meets either of two standards: (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation, and a balance of hardships tipping decidedly in the movant's favor." *Trump v. Deutsche Bank AG*, 943 F.3d 627, 635 (2d Cir. 2019), *cert. granted*, No. 19-760, 2019 WL 6797733 (U.S. Dec. 13, 2019). Where, as here, mandatory relief is sought, as distinguished from maintenance of the status quo,[4] "the movant must show a 'clear' or 'substantial' likelihood of success on the merits, . . . and make a 'strong showing' of irreparable harm, . . . . in addition to showing that the preliminary injunction is in the public interest." *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 650 (2d Cir. 2015).

## III. Discussion

The plaintiff's motion fails because he has not shown that he will suffer irreparable harm in the absence of the requested injunctive relief. "A showing of irreparable harm is 'the single most important prerequisite for the issuance of a preliminary injunction.'" *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (quoting *Rodriguez v. DeBuono*, 175 F.3d

---

[4]"Courts refer to preliminary injunctions as prohibitory or mandatory. Prohibitory injunctions maintain the status quo pending resolution of the case; mandatory injunctions alter it." *N. Am. Soccer League, LLC v. United States Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018).

3

227, 234 (2d Cir. 1999) ). "To satisfy the irreparable harm requirement, Plaintiffs must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (internal quotation marks omitted). "If an injury can be appropriately compensated by an award of monetary damages, then an adequate remedy at law exists, and no irreparable injury may be found to justify specific relief." *Register.com, Inc. v. Verio, Inc.,* 356 F.3d 393, 404 (2d Cir. 2004).

The plaintiff argues that if injunctive relief is not granted, he will remain in the SRG program and be subject to its restrictions until at least October 2020. (ECF No. 47 at 7.) He claims that because of his improper designation, he is "subjected to extortion and harassment by current members of the Bloods." *Id.* The evidence submitted by the plaintiff, however, fails to demonstrate that he will suffer irreparable harm should injunctive relief not be awarded.[5] None of the affidavits he has submitted are from inmates at Corrigan, where he is currently housed, and none suggest any imminent threat. Nor does he submit his own affidavit identifying and detailing the harm he faces. On this record, the plaintiff has not shouldered his burden of making a sufficient showing of irreparable injury to entitle him to injunctive relief.

For these reasons, the motion for preliminary injunction (ECF No. 47) is denied.

IT IS SO ORDERED.

_____/s/_____
Michael P. Shea, U.S.D.J.

---

[5] The Court observed this deficiency during an on the record conference regarding the plaintiff's motion and permitted the plaintiff an opportunity to submit additional papers in support of the motion. (ECF No. 65.) The plaintiff subsequently notified the Court that he would not file anything further as to the motion. (ECF No. 76 at 1.)

Dated:     Hartford, Connecticut
           July 20, 2020